FILED

10 APR 29 AM 8: 43

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN LEMONS,<br><br>                              Petitioner,<br><br>                    v.<br><br>UNKNOWN,<br><br>                              Respondent. | Civil No.    10-0807 BEN (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS,** and<br><br>**(2) DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a copy of his prison trust account statement, which this Court construes as a request to proceed in forma pauperis.

## REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ / /

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has failed to name a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

/ / /

/ / /

10cv0807

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that the trial court erred in precluding him from raising the victim's consent as a defense and the trial court erred when instructing the jury. In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state

1  courts are to be given the opportunity to correct alleged violations of prisoners' federal rights,

2  they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United</u>

3  <u>States Constitution</u>." *Id.* at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner

4  wishes to claim that an evidentiary ruling at a state court trial denied him the <u>due process of law</u>

5  <u>guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal court, but in state

6  court." *Id.* (emphasis added).

7      Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective

8  Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of

9  limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant

10  to the judgment of a State court.  The limitation period shall run from the latest of:

11          (A) the date on which the judgment became final by the
12          conclusion of direct review or the expiration of the time for seeking
          such review;

13          (B) the date on which the impediment to filing an application
          created by State action in violation of the Constitution or laws of the
14          United States is removed, if the applicant was prevented from filing
          by such State action;

15

16          (C) the date on which the constitutional right asserted was
          initially recognized by the Supreme Court, if the right has been
17          newly recognized by the Supreme Court and made retroactively
          applicable to cases on collateral review; or

18          (D) the date on which the factual predicate of the claim or
          claims presented could have been discovered through the exercise
19          of due diligence.

20  28 U.S.C. § 2244(d)(1)(A)-(D) (West 2008).

21      The Court also notes that the statute of limitations does not run while a properly filed <u>state</u>

22  habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003,

23  1006 (9th Cir. 1999), *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application

24  is 'properly filed' when its delivery and acceptance [by the appropriate court officer for

25  placement into the record] are in compliance with the applicable laws and rules governing

26  filings.").  However, absent some other basis for tolling, the statute of limitations does run while

27  a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

28  / / /

-4-

10cv0807

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to name a proper respondent and failed to state a cognizable federal claim. To have this case reopened, Petitioner must, **no later than June 28, 2010**, file a First Amended Petition that cures the pleading deficiencies set forth above. *For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank First Amended Petition form.*

**IT IS SO ORDERED.**

DATED: _____    _____

Roger T. Benitez
United States District Judge

10cv0807