UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Warren Claudius Lemons, | ) | Civil No. 10-cv-00807-AJB |
|---|---|---|
| Plaintiff, | ) | **ORDER DENYING MOTION TO APPOINT COUNSEL** |
| v. | ) | |
| A. Hedgpeth, Warden, | ) | [Doc. No. 17] |
| Defendants. | ) | |

Petitioner, a state prisoner proceeding *pro se*, has requested appointment of counsel to pursue his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [Doc. No. 17.] The request for appointment of counsel is **DENIED.**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

Here, Petitioner states only that "[d]ue to the complex nature of the case, to achieve due process, I hereby request that an attorney be appointed to represent me." [Doc. 17 at 1.] Without more, Petitioner's conclusory references to due process and the case's complexity are not enough to warrant appointment of counsel. At a minimum, Petitioner would need to explain why the issues involved are too complex for him, and why appointment of counsel is necessary to prevent due process violations.

Moreover, the Court notes that Petitioner is a physician and, as such, is presumably highly educated. Is therefore seems unlikely that he has such limited education as to be incapable of presenting his claims. The Court also notes that thus far in the proceedings, Petitioner has appeared able to articulate his claims. Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Indeed, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); Bashor, 730 F.2d at 1234.

Therefore, the Court finds that the appointment of counsel is not warranted at this time. Petitioner's request for appointment of counsel is accordingly **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: November 18, 2011

Hon. Anthony J. Battaglia
U.S. District Judge