# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN CLAUDIUS LEMONS,<br><br>    Plaintiff,<br><br>v.<br><br>A. HEDGPETH, Warden,<br><br>    Respondent. | Case No.   3:10-cv-00807-AJB-CAB<br><br>**AMENDED ORDER: (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>**[Doc. 13]** |

    Presently before the Court is Magistrate Judge Cathy Ann Bencivengo's Report and Recommendation (Doc. 13) advising the Court to deny the Petition for Writ of Habeas Corpus.

    Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P.

72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Objections were originally due September 30, 2011, but the Court granted an extention until November 11, 2011. However, neither party has filed objections to Magistrate Judge Bencivengo's report and recommendation. Having reviewed the report and recommendation, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Bencivengo's report and recommendation and (2) **DENIES** the Petition for Writ of Habeas Corpus. The action is **DISMISSED WITH PREJUDICE**.

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the Court finds that Petitioner has not demonstrated that the reasonable jurists could debate whether the petition should have been resolved differently, and it therefore **DENIES** a certificate of appealability.

IT IS SO ORDERED.

DATED: February 14, 2012

Hon. Anthony J. Battaglia
U.S. District Judge